| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-1121 JGB (SPx)** | Date | June 20, 2017 |
| Title | ***Federal National Mortgage Association v. Gerald Garwood, et al.*** | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order REMANDING the matter, on the Court's own motion, to Riverside County Superior Court (IN CHAMBERS)**

On June 7, 2017, Gerald Garwood ("Defendant"), proceeding pro se, removed this unlawful detainer action to this Court (Case No. PSC 1701949). (Notice of Removal, Dkt. No. 1.) Because this Court lacks subject matter jurisdiction over the unlawful detainer action, it REMANDS the matter to the Riverside County Superior Court.

Federal law empowers a defendant to remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterprillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332(a) (diversity). In his removal motion, Defendant alleges federal question jurisdiction under 15 U.S.C. § 78aa, because "Securities law [is] involved in this case," and diversity jurisdiction because "Fannie Mae [] is a District of Columbia Corporation." (Notice of Removal at ¶¶ 3, 1.)

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983). An unlawful detainer, or eviction action is a matter of state law. McGee v. Hildebrand, 19 Fed. Appx. 582, 583 (9th Cir. 2001) (finding the defendant's claim that an unlawful detainer action violated his federal rights insufficient to establish subject matter jurisdiction where the defendant failed to identify any state statute or constitutional provision that purported to command the state courts to ignore federal rights). Here, the Complaint alleges a single claim for unlawful detainer. (Notice of Removal.)

Thus, this action could not have originally been brought in federal court in that the state court complaint does not allege facts establishing federal question or diversity jurisdiction.

That a federal question may arise during the litigation in connection with a defense or counterclaim is insufficient to establish subject matter jurisdiction for purposes of removal. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim ."). A single claim for unlawful detainer, therefore, does not invoke this Court's jurisdiction. See Canterbury Lots 68, LLC v. De La Torre, No. 13–cv–00712, 2013 WL 781974, *3 (C.D. Cal. Feb.28, 2013) (remanding action where complaint only raised a single cause of action for unlawful detainer); Golden Union Properties, LLC v. Amesquita, No. 10–cv–09607, 2011 WL 321095, *3 (C.D. Cal. Jan.26, 2011) (remanding case for lack of subject matter jurisdiction where complaint contained only an unlawful detainer claim). Thus, that Defendant is "about to file a civil action" against his creditors under federal securities laws bears little on the propriety of removal here.

Federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332. Here, since diversity of citizenship is satisfied; Defendant is a citizen of California and the Federal National Mortgage Association ("Plaintiff") is a citizen of Washington D.C. The only issue as to diversity jurisdiction is thus whether Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)("[W]e hold that in cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75,000]."). He has not.

As stated prominently on the face of the complaint, Plaintiff seeks less than $10,000. (Notice of Removal at 9.) In unlawful detainer actions, moreover, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). For that reason, the amount in controversy is less than $75,000. Finding that Defendant fails to satisfy the requirements of both federal question jurisdiction and diversity jurisdiction, removal was improper

A district court may remand an action to state court for lack of subject matter jurisdiction on its own motion. 28 U.S.C. § 1447(c). Accordingly, the Court REMANDS this action to the Riverside County Superior Court. The Clerk of the Court is directed to serve a copy of this order on the Riverside County Superior Court and to serve the Parties in the customary manner.

**IT IS SO ORDERED.**